## MARLOW v. MARLOW.

**1. Appeal:** AMOUNT IN CONTROVERSY:   Where a tender made by the defendant reduces the amount in actual controversy in an action to less than one hundred dollars, no appeal will lie except upon a question of law certified by the trial judge.

### *Appeal from Winneshiek Circuit Court.*

MONDAY, JUNE 13.

THIS action is brought upon a note executed by E. G. Marlow and W. Sanford, to the order of W. H. Manning, for the sum of $600, due three months after date, with interest at the rate of ten per cent after maturity, and providing that should proceedings be commenced for its collection ten per cent should be allowed as attorney's fee.   The petition claims the sum of $763.51, with interest at ten per cent from September 7, 1880, and an attorney's fee of $76.35.   The answer admits the execution of the note, and sets up certain facts from which immunity from the payment of an attorney's fee is claimed, and alleges that after the service of notice defendant paid to the Sheriff the sum of $773, and requested the sheriff to deliver the same to the clerk of the court for the use of the plaintiff, and said sum is now in the hands of the clerk, and offers plaintiff judgment for said sum without costs or attorney's fees.   The evidence tends to show that the plaintiff, who is the defendant's brother, procured the note after it was due, and that he instituted suit upon it without demanding payment or informing the defendant that he held the note, merely for the purpose of subjecting the defendant to the payment of attorney's fees and costs.   The evidence shows, and the court found, that the defendant, on the second day of the September term, being September 7, 1880, paid to the clerk on the demand in question $765.30, and $9.85 costs, being the full amount of the note and interest and costs due to that time.   The court rendered judgment in favor of plaintiff for

Marlow v. Marlow.

the amount of the tender, refused to allow an attorney's fee, and rendered judgment against plaintiff for $21.28, costs accrued since the tender. The plaintiff appeals.

*Brown & Wellington*, for appellant.

*L. Bullis*, for appellee.

DAY J.—The defendant admitted the execution of the note, and tendered the entire amount due and all that was claimed thereon, and the costs accrued up to the time of filing his answer. The entire amount in controversy as shown by the pleadings was the attorney's fee, alleged in the petition to be $76.35. The amount in controversy, as shown by the pleadings, being less than one hundred dollars, no appeal lies without a certificate of the trial judge that the cause involves the determination of a question of law upon which it is desirable to have the opinion of the Supreme Court. Code, § 3173. No such certificate has been made in this case. It follows that the appeal must be dismissed. This result is not at all unsatisfactory to us, as the record affords abundant evidence that the plaintiff instituted the suit for no other purpose than that of harassing his brother, and needlessly subjecting him to the payment of attorney's fees and costs.

APPEAL DISMISSED.