# Illinois Central R. R. Co. v. Landrum.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

APPEAL DISMISSED.

APPEAL AND ERROR—AMOUNT IN CONTROVERSY.

Held:   Where plaintiff sued to recover $1,000 and defendant cor-
poration by its answer admitted a liability of $1.40, upon ap-
peal by defendant from a judgment against it for $200, the
amount in controversy is only $198.60.

QUIGLEY & QUIGLEY AND PIRTLE & TRABUE, FOR APPELLANT.

The motion to dismiss this appeal is based entirely upon the
idea that appellant admitted, in its answer, that it was in-
debted to appellee in the sum of $1.40 and because the court in-
structed the jury that they should find for appellee in said
sum of $1.40, that, therefore, the matter in controversy is only
$198.60, the verdict having been for plaintiff for $200.

The question is one simply of the allowance by this court of
a credit on the judgment of $1.40, under the assumption that
the jury included this $1.40 in the $200 verdict.

From the instructions given, it is evident that the jury was
left to consider in their discretion, what amount in damages,
if any, they should find for appellee, not exceeding the amount
claimed in the petition, $1,000.

We contend, that for the purposes of an appeal, the judgment
fixes the amount in controversy; that the judgment is an en-
tirety and can not be modified or changed by this court. The
means by which the jury arrived at their verdict this court has
nothing to do with.

The amount in controversy, when defendant appeals from a
judgment, is the amount of the judgment.  L. & N. R. R. Co.
v. Muir, 4 R., 446; Boldman v. Kitchen, 9 R., 105; L. & N.
R. R. Co. v. Wade, 89 Ky., 255; 5 R., 424; 5 R., 600; 6 R., 510;
8 R., 781; 13 R., 540; 2 Dana, 153; 16 R., 721; 18 R., 172; 22
R., 839.

Illinois Central R. R. Co. v. Landrum.

J. W. BUSH AND C. C. GRASSHAM, FOR APPELLEI.

> The question now submitted is: What is the value or amount in controversy on this appeal?
>
> Plaintiff sues for $1,000 and gets $200. Defendant admits owing $1.40 of the $200 which leaves only $198.60 in controversy on this appeal. 5 R., 424; 6 Ky. R., 137, 141; Marlow v. Marlow, 56 Iowa, 300.

OPINION OF THE COURT BY JUDGE O'REAR, DISMISSING APPEAL.

This was an action by appellee to recover of appellant $1,000 damages for an alleged breach of contract to carry appellee as a passenger over a given route at a given rate. Appellant, by its answer, admitted a liability of $1.40, and offered to pay into court that sum and the costs of the action. Issue was joined, and a trial was had as to its further liability. The jury returned a verdict in favor of appellee for $200, and judgment was rendered for that amount. A plea is interposed to the jurisdiction of this court. Section 950, Kentucky Statutes, concerning jurisdiction of this court in civil cases, reads: "No appeal shall be taken to the court of appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than $200.00, exclusive of interest and costs." Generally, when the defendant to such an action appeals, the amount of the controversy is the amount of the judgment against him. That which is in controversy is necessarily that part of the recovery, in case of a defendant, which is disputed. The plaintiff sued for $1,000, and defendant admits $1.40 as owing. Then but 998.60 was in controversy. As the plaintiff recovered the verdict and judgment for $200, if the plaintiff had appealed, the sum in controversy would have been the undisputed part of her claim; but upon the defendant's appeal it is $198.60 only. Having admitted, by pleading, $1.40 of the liability alleged, it could no longer

be said to be in dispute. The $800 not recovered is not now in dispute, because plaintiff is concluded by the judgment allowing $200 only of her total claim, and she is satisfied,— at least does not appeal. Pennie v. Insurance Co., 67 N. Y., 279; Marlow v. Marlow, 56 Iowa, 300, 9 N. W., 229; Tipton v. Chambers, 1 Metc., 567.

The appeal must be dismissed, with damages.